**No. 57135.**—Artgift Corp. v. United States, protest 172316–K (New York).

OLIVER, Chief Judge: The merchandise in question consists of a metal statuette, securely affixed to a wooden base, and a removable glass dome used therewith. The collector classified the articles as separate entities. Duty was assessed

on the statuettes attached to the base at the rate of 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as metal articles, not plated with platinum, gold, or silver, or colored with gold lacquer. The glass domes were classified as blown glass articles, not specially provided for, and assessed with duty at the rate of 50 per centum ad valorem under paragraph 218 (f) of the Tariff Act of 1930, as modified by T. D. 51802, *supra*, supplemented by T. D. 51898.

Plaintiff claims that the merchandise is a statuette of the "Infant of Prague" and that it should be classified as an entirety under paragraph 397, as modified by T. D. 51802, with duty assessment at the rate of 22½ per centum ad valorem, as a metal article, not specially provided for.

There is agreement between the parties that if the merchandise "is found to be an entirety, that the component material of chief value is metal, not plated with gold or silver."

An examination of the sample (plaintiff's exhibit 1) shows that the metal figure (approximately 1½ inches high) is constructed with the bottom having a threaded projection designed to screw securely into the wooden base (1½ inches in diameter) which contains a hole of definite size so that the statuette is held upright. The removable glass dome (approximately 2 inches high) fits into the wooden base which is recessed for that purpose.

The president of the importing corporation was the only witness to appear herein. His uncontradicted testimony is sufficient to establish the following facts.

The merchandise is bought as it appears in exhibit 1, i. e., the base, the statuette, and the dome together, and it is sold the same way, always as an entirety, the merchantable commodity being a statuette of the "Infant of Prague." The glass dome enhances the appearance of the statuette. It serves as a display case and also has a heightening effect on the statuette. Without the glass dome, the article has an unfinished appearance. The plaintiff has received shipments containing only the glass domes that are used to replace broken ones. The shipment under consideration included 30 additional glass domes, over and above the number required to make complete statuettes. In one instance, where only glass domes were received, the foreign shipper made no charge for the merchandise, but plaintiff paid duty thereon.

The question of entireties has been the subject of much litigation both in this court and the Court of Customs and Patent Appeals. The complexities of the different situations that have been encountered and the wide variety of facts associated therewith have prevented the courts from enunciating any definite rule which could be a positive guide, under all circumstances, for the classification of merchandise as an entirety.

Under the present set of facts, the decision in *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232, is pertinent. In that case the court said:

* * * that if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

Applying that principle to the merchandise in question, it can be said that the wooden base, the metal figure, and the glass dome, "are designed to form, when joined or attached together, a complete article of commerce." The sample before us, which is a potent witness herein, supports this conclusion. Each of the components indicates clearly that all are designed to be and actually are used together. The wooden base is made to be a stand to hold the metal figure and the glass dome. The metal figure, by its threaded projection, is clearly designed

for use with this wooden base. The glass dome, in height and in diameter, is in perfect proportion to be a covering for the statuette. It had no other known commercial use than as a case to complete this article. Any one of the components without both of the others would be commercially useless. All of the parts are essential to the commercial entity, i. e., a statuette of the "Infant of Prague."

., Counsel for defendant, in their brief, have referred to several cases which involved the question of entireties and wherein the different parts of the imported merchandise were held to be separately classifiable. We have examined and carefully considered all of those cases and find them to be distinguishable from the present issue.

On the basis of the present record, and following the *Altman & Co.* case, *supra*, we find these statuettes of the "Infant of Prague" to be classifiable as entireties. Since it is agreed that the articles are in chief value of metal, not plated with gold or silver and not being otherwise specially provided for, we hold the present merchandise to be dutiable at the rate of 22½ per centum ad valorem under paragraph 397, as modified, *supra*, as metal articles, not specially provided for, and not plated with platinum, gold, or silver, or colored with gold lacquer, as claimed.

The protest is sustained and judgment will be rendered accordingly.