BEFORE THE THIRD DIVISION, DECEMBER 12, 1956

**No. 60413.**—A. Jaller Co. *v.* United States, protest 293795–K (New York).

JOHNSON, Judge: This is a protest against the collector's assessment of duty on merchandise, contained in cases 264 through 268 and described on the invoice as 8-inch coupe plates, at 70 per centum ad valorem and 10 cents per dozen pieces under paragraph 212 of the Tariff Act of 1930 as decorated china tableware. It is claimed that the plates are not tableware and are properly dutiable at 45 per centum ad valorem, under said paragraph 212, apparently as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 22, 1948, T. D. 51909.

At the trial, Jerome Leiman, import manager of the plaintiff company, appeared and testified on behalf of the firm. He claimed that the plates in said cases 264 through 268 were decorative ware or hanging plates, stating that they are bought and sold as decorative pieces, have holes in the back for hanging, are fully painted, and are obviously not for use in the service of food. He said that they were improperly invoiced as plates and not as decorative plates for hanging; that he had had shipments of the same items before; and that they had been classified as decorative ware. He used them himself to hang on the wall and had seen them so used in the homes of friends.

A sample representative of the imported merchandise was received in evidence as plaintiff's exhibit 1. It is a chinaware plate, 8 inches in diameter, completely and elaborately decorated with a painting of full-blown roses, buds, and leaves. On the back, three holes have been punched through the base on which the plate rests when put on a table.

The witness testified, further, that his company sells this merchandise at wholesale to gift shops, antique shops, department stores, and various retailers of giftware. They are described by retailers as decorative pieces. The witness had never seen them used on the table during the course of a meal and said that they were too decorative and gaudy to be eaten from.

The only question before us is whether or not these plates are tableware within the meaning of paragraph 212 of the Tariff Act of 1930 and its modifications. In the leading case on this subject, *United States* v. *Butler Bros.*, 33 C. C. P. A. (Customs) 22, C. A. D. 310, it was held that china dishes in the shape of saucers with bamboo handles were not tableware. In the course of the opinion, the court said (p. 28):

> We think it is evident from the dictionary definitions of the term "tableware" that in using that term in paragraph 212, *supra*, the Congress intended to provide for only such articles as are chiefly used upon a table for the service of meals, and that it was not intended to cover novelty articles, such as the involved bonbon and candy dishes, which are not chiefly used in the service of meals but, according to the testimony of record, are used on bridge tables and occasional tables for serving candy, nuts, etc., after a meal.

In the instant case, the sole witness testified that he had never observed the merchandise used in the service of meals, but had seen such plates hanging on the wall as decorations. The sample itself is a potent witness to the fact that the merchandise is not ordinary tableware. It is a highly decorated plate, not of the type commonly used for serving meals. Three holes have been punched through the base on the back, readily adapting it for use as a wall plaque. It can be hung in three different positions to bring out the pattern, in accordance with the taste of the user. It is evident that it was designed as a decoration, and there is nothing in the record to show that it was used otherwise.

We hold, therefore, that the plates in question are not tableware and that they are properly dutiable at 45 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 22, 1948, T. D. 51909, as decorated chinaware, not tableware, not containing 25 per centum or more of calcined bone.

The protest is sustained and judgment will be rendered for the plaintiff.