(C. D. 1920)

United China & Glass Co. *v.* United States

United States Customs Court, Third Division

(Decided October 8, 1957)

*Stein and Shostak* (*Marjorie M. Shostak* and *Richard M. Kozinn* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Richard H. Welsh, Joseph E. Weil,* and *William J. Vitale,* trial attorneys), for the defendant.

Before Johnson and Donlon, Judges

Johnson, Judge: This is a protest against the collector's assessment of duty on merchandise, described on the invoice as 7-inch cutout plaques, under paragraph 212 of the Tariff Act of 1930 at 70 per centum ad valorem and 10 cents per dozen pieces, as decorated china tableware. It is claimed that the merchandise is not tableware and is properly dutiable under said paragraph 212, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909, as decorated chinaware, other than tableware, not containing 25 per centum or more of calcined bone, at 50 cents per dozen, but not less than 45 per centum nor more than 70 per centum ad valorem.

The pertinent provisions of the tariff act are as follows:

Par. 212. China, porcelain, and other vitrified wares, including chemical porcelain ware and chemical stoneware, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, and all bisque and parian wares, including * * * plaques * * * composed wholly or in chief value of such ware, * * * painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 70 per centum ad valorem. In addition to the foregoing there shall be paid a duty of

10 cents per dozen separate pieces on all tableware, kitchenware, and table and kitchen utensils.

Said paragraph, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909, reads:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty | |
|---|---|---|---|
| 212 | China, porcelain, and other vitrified wares (except sanitary ware, chemical porcelain ware, and chemical stoneware), composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, and all bisque and parian wares, including * * * plaques, * * * and all other articles composed wholly or in chief value of such ware, * * *: | | |
| * | *       *       *       * | * | * |
|  | Articles of the kinds provided for in the preceding item which are painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for: | | |
| * | *       *       *       * | * | * |
|  | Tableware, kitchenware, and table and kitchen utensils, * * * | | |
| * | *       *       *       * | * | * |
|  | Other (except tableware, kitchenware, and table and kitchen utensils): | | |
| * | *       *       *       * | * | * |
|  | Not containing 25 per centum or more of calcined bone. | 50¢ per doz., but not less than 45% nor more than 70% ad val. | |

At the trial, there were introduced into evidence two samples representative of the merchandise before the court (plaintiff's illustrative exhibits 1 and 2). They consist of plates, each approximately 7¼ inches in diameter, with a scene painted on the center portion and having a gold-decorated lattice border approximately 1 inch wide. A piece of ribbon has been inserted through the lattice-work in two places at the top and tied together to form a loop, by means of which the plaque may be suspended.

Plaintiff called two witnesses at the trial: Jerome Levy, import and export manager of United China & Glass Co., the plaintiff herein, who had been associated with the company for 33 years, and George

R. Speer, a buyer of housewares, radios, and television for Montgomery Ward & Co., and associated with that company for 10 years.

The testimony of these witnesses brought out the following points: Plaintiff's illustrative exhibits 1 and 2 show the condition of the merchandise when imported. The ribbon, which was placed on the merchandise before exportation, makes the plate suitable for hanging purposes as a plaque and was inserted so that the ultimate consumer would not have to buy a metal wall hanger. This merchandise is sold to various retail stores, gift stores, department stores, and variety stores throughout the United States and in Canada, as wall plaques and not as dinnerware. Similar merchandise, illustrated in the 1954 issue of plaintiff's catalog (plaintiff's collective exhibit 3) is listed under a heading "Wall Plaques—(Perforated for Hanging)." Such merchandise is offered for sale by retail stores as wall plaques and not as dinnerware.

The witness Levy testified that this merchandise was not sold as dinnerware and was not suitable for such use, because of the lattice-work, the ribbon, and the decorations. He said that it would not be feasible to use such merchandise with the ribbons on for the service of cake or ice cream, and that, although it would be possible to remove the ribbon, the lattice-work would affect the use of the plates for the service of food, because pieces of food would run through. He had seen similar items in use in homes in New Orleans as hanging plaques.

Mr. Speer testified that articles like plaintiff's illustrative exhibits 1 and 2 are included in the gift line merchandise which Montgomery Ward buys. It is displayed in their retail stores in the housewares department in the giftware group, which is a separate display from dinnerware. Pages from Montgomery Ward's Christmas Book of 1953 (plaintiff's exhibits 4 and 5) illustrate similar merchandise and describe it as "China Bird Plate-Plaques." The witness did not consider such merchandise dinnerware, because of the ribbon which was there for the purpose of hanging the article, the scenic pattern, and the lattice-work. It is not practical for use as dinnerware because of the openwork on the border. The ribbon indicated to him, as a buyer in the trade, that the article was a plaque to be hung on the wall. His firm does not carry any articles, such as cups and saucers or teapots, which have the same designs as these plates. Such items are bought in smaller quantities than dinnerware and a different pattern is purchased each time, whereas, in dinnerware, the pattern is kept in open stock so that customers may make replacements. These plates are sold at the retail level in sets of two, four, and six and may be purchased individually. The pattern is not the same in all the pieces. For instance, where bird patterns are offered, the birds are different, and the four seasons are each different. He has seen such merchandise in homes hanging on the wall, as individual plates

and in groups of two or four. They were used in a decorative manner and not on the table in the service of a meal.

The issue before us is whether this merchandise is dutiable as decorated china tableware or as decorated chinaware other than tableware. The rule in this class of cases has been set forth by our court of appeals in *United States* v. *Butler Bros.*, 33 C. C. P. A. (Customs) 22, C. A. D. 310, as follows (p. 28):

> We think it is evident from the dictionary definitions of the term "tableware" that in using that term in paragraph 212, *supra*, the Congress intended to provide for only such articles as are chiefly used upon a table for the service of meals, and that it was not intended to cover novelty articles, such as the involved bonbon and candy dishes, which are not chiefly used in the service of meals but, according to the testimony of record, are used on bridge tables and occasional tables for serving candy, nuts, etc., after a meal.

In the instant case, there is no evidence that this merchandise was actually used in the service of meals or even on occasional tables for the service of candy. The witnesses testified that, if the ribbon were removed, the plates might be used for the service of cake, cookies, or ice cream, but that such use would not be practical because of the lattice-work border. On the other hand, the record establishes that, in its condition as imported, this merchandise was used as wall plaques for decorative purposes; that it was bought and sold as wall plaques and not as dinner or tableware. The sample itself is a potent witness to the fact that this merchandise was designed for use as a decoration, a wall plaque, and not as tableware. *A. Jaller Co.* v. *United States*, 37 Cust. Ct. 439, Abstract 60413.

We hold, therefore, that the merchandise is not tableware and is properly dutiable under paragraph 212 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909, at 50 cents per dozen, but not less than 45 per centum nor more than 70 per centum ad valorem, as decorated chinaware, other than tableware, not containing 25 per centum or more of calcined bone.

The protest is sustained and judgment will be rendered for the plaintiff.