(C. D. 1981)

JAMES BETESH IMPORT CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 16, 1958)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Sheila N. Schwartz*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

JOHNSON, Judge: The merchandise involved in this case is described on the invoice as round-shaped ashtrays with holders, four colors, assorted, valued at $7.20 per gross. The round-shaped portion was appraised at $3 per gross and was assessed with duty at 10 cents per dozen and 50 per centum ad valorem under paragraph 211 of the Tariff Act of 1930 as decorated earthenware. The holder was appraised at $4.20 per gross and was assessed with duty at 30 per centum ad valorem under paragraph 1552 of said tariff act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as smokers' articles, not specially provided for. Various claims are made in the protest, but the one relied upon at the trial is that the merchandise is an entirety, an ashtray, and is properly dutiable at 30 per centum ad valorem under paragraph 1552, as modified, as a smoker's article.

The pertinent provisions of the tariff act and of the trade agreement are as follows:

Tariff Act of 1930:

PAR. 211. Earthenware and crockery ware composed of a nonvitrified absorbent body, * * * and all other articles composed wholly or in chief value of such ware; * * * painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 10 cents per dozen pieces and 50 per centum ad valorem.

General Agreement on Tariffs and Trade, T. D. 51802:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1552 | All smokers' articles whatsoever, * * * and parts thereof, finished or unfinished, not specially provided for, of whatever material composed, except china, porcelain, parian, bisque, earthenware, or stoneware:<br>*　　*　　*　　*　　*　　*　　*<br>Other _____ | 30% ad val. |

A sample of the merchandise was received in evidence at the trial as plaintiff's collective exhibit 1. It consists of a small, round earthenware bowl, with three small legs, about 3¾ inches in diameter and 1½ inches deep, set in a 3-pronged wire holder or tripod. Two of the prongs are just long enough to fit over the lip of the bowl, but the third prong extends over the bowl and is bent into three loops so as to form a cigarette rest.

James Betesh, a partner in the importing firm, testified that he was familiar with the merchandise, which he had ordered two or three times. He said it was bought and sold as a complete ashtray, although it was imported unassembled to save freight. Six holders and six bowls are packed together in one box. The firm ships the merchandise to stores in its imported condition and the stores put it together for sale. The items are sold complete as one article and never separately.

According to the witness, the earthenware portion could not be used by itself as an ashtray, because it has no cigarette rest, but it could be used separately as a rice bowl or to hold various objects, such as clips, rubber bands, mints, or buttons. He said that the wire portion was of no value by itself and could not be used alone.

On cross-examination, the witness stated that the part described on the invoice as an ashtray was the bowl portion of the merchandise, and the part described as the holder was the wire portion.

When asked about the purpose of the three legs of the bowl, he said that it was to keep the bowl from slipping from the holder, but added that the pressure of the holder against the bowl kept the articles together. He agreed that, when taken apart, the bowl sets on the table on the three little legs.

Counsel for the defendant then produced an article, which was marked defendant's exhibit A for identification (later received in evidence). It consists of a triangular-shaped receptacle, having two cigarette rests cut into the lip, set in a wire holder or tripod. The

witness stated that the wire portion was similar to that of plaintiff's exhibit 1, but the earthenware object which was fitted into it was entirely different, being heavier, deeper, and larger than the bowl part of plaintiff's merchandise. He admitted that the items fit together as well as do the bowl and holder comprising plaintiff's exhibit 1. He pointed out, however, that, while the receptacle of defendant's exhibit A could be used as an ashtray with or without the holder, the bowl of plaintiff's exhibit 1 could not be so used without the holder, because the ridge of the holder is necessary as a cigarette rest.

In comparing the receptacle of defendant's exhibit A and the bowl of plaintiff's merchandise, the witness testified:

A. * * * Anybody will notice this is an ashtray, Exhibit A.

X Q. But the other they would never notice is an ashtray, Exhibit 1?— A. By itself, no.

X Q. They might use it for anything?—A. By itself, yes.

X Q: Particularly with these little supports, these little legs on it, nobody would ever even guess that it's intended to be an ashtray, would anyone, by itself?—A. Without the holder.

The witness testified that, if the bowl were broken, the whole article would be lost, because another bowl could not be purchased separately, and the holder could not be used by itself to hold cigarettes. The bowl would have to be replaced by some other object.

The sole issue in this case is whether or not the merchandise is an entirety, classifiable under paragraph 1552, as modified, as an ashtray, or whether the parts are dutiable separately.

Although the merchandise was imported unassembled, that is not a bar to its classification as an entirety. *Jackson Co. et al.* v. *United States,* 2 Ct. Cust. Appls. 475, T. D. 32227; *Altman & Co.* v. *United States,* 13 Ct. Cust. Appls. 315, T. D. 41232; *D. Salemi & Sons* v. *United States,* 19 C. C. P. A. (Customs) 43, T. D. 44892; *United States* v. *H. K. Miyaka,* 22 C. C. P. A. (Customs) 38, T. D. 47039. The rule set out in the *Altman* case was recently quoted by our court of appeals in *Charles Garcia & Co., Inc.* v. *United States,* 45 C. C. P. A. (Customs) 1, C. A. D. 663, as follows:

A consideration of these pronouncements of the courts leads to the conclusion that if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, *a complete article of commerce,* and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately. [Italics supplied.]

To constitute an entirety for tariff purposes a combination of two or more articles must be so joined together or merged that the whole

creates a new and different article with a new name and use, but if articles designed to be used together are separate, distinct, and complete in themselves, they are not regarded as entireties, where they do not merge so as to form a new or distinct article of commerce, or where neither becomes essential to the completeness of the other, or bears a natural affinity or relation to the other. *Selsi Co., Inc.* v. *United States*, 2 Cust. Ct. 371, C. D. 160, and cases cited. See also *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C. D. 1619, where the court said (p. 315):

* * * If what is imported as a unit is actually and commercially two or more individual entities which, even though imported joined or assembled together, nevertheless, retain their individual identities and are not subordinated to the identity of the combination, duties will be imposed upon the individual entities in the combination as though they had been imported separately. Conversely, if there are imported in one importation separate entities, which by their nature are obviously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity, duty will be imposed upon the entity they represent.

Articles which have been held to constitute entireties include a figure and a pedestal designed to support the figure (*United States* v. *Haaker*, 4 Ct. Cust. Appls. 508, T. D. 33935), corsets and trimmings (*Altman & Co.* v. *United States, supra*), glass bottles and stoppers (*Park & Tilford* v. *United States*, 1 Ct. Cust. Appls. 34, T. D. 31006), bedspreads and fringes, designed to be attached and used together (*D. Salemi & Sons* v. *United States, supra*), deflated globe maps and mountings and stands (*United States* v. *H. K. Miyaka, supra*), figures of fish and animals and stands, where the figures were not sold without stands (*F. W. Woolworth Co.* v. *United States*, 69 Treas. Dec. 1022, T. D. 48370), and teapots with metal cozies, where the cozies were of no use when separated from the teapots (*Leon Marks* v. *United States*, 28 Cust. Ct. 98, C. D. 1393). On the other hand, the following have been held not to constitute entireties: Empty perfume bottles and boxes to be used in transportation of the bottles when filled, but which could not be used as containers after the bottles had been opened (*Coty Processing Co., Inc.* v. *United States*, 23 C. C. P. A. (Customs) 117, T. D. 44768), ornamental objects and stands, both of which were complete articles and were not always sold together, and where there was nothing in the construction of the stands which confined them to holding the particular objects with which they were imported (*Forest Lawn Memorial Park* v. *United States*, 68 Treas. Dec. 1129, Abstract 32547; *Kwong Yuen & Co.* v. *United States*, 73 Treas. Dec. 297, T. D. 49409), engines and fans which perform separate functions (*Columbia Shipbuilding Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 281, T. D. 39085), binoculars and cases (*United States* v. *Hensel, Bruckmann &*

*Lorbacher, Inc.*, 22 C. C. P. A. (Customs) 281, T. D. 47330), and cameras and tripods (*United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851).

In the instant case, plaintiff claims that the imported merchandise is a well-known article in the trade and commerce of the United States, which is bought, sold, and used as an ashtray, and that neither the bowl alone nor the wire portion alone is an ashtray. Defendant contends, on the other hand, that the bowl bears no affinity to the holder; that it can be used independently; and that the holder can be used with other articles of varying shapes and sizes.

An examination of the sample of the merchandise and the record presented shows that the bowl by itself is just a bowl, which could be used for holding various objects or merely as a decoration. There is nothing about it to suggest that it is an ashtray, nor does the record establish that it is chiefly used as such. In order to be regarded as smokers' articles for tariff purposes, the items must be ones chiefly used by or for the convenience of smokers. *United States* v. *Dunhill*, 13 Ct. Cust. Appls. 310, T. D. 41231; *Ignaz Strauss & Co., Inc.* v. *United States*, 9 Cust. Ct. 342, C. D. 710; *Ignaz Strauss & Co., Inc.* v. *United States*, 28 Cust. Ct. 280, C. D. 1423.

The holder, by itself, appears to have no practical use. One could not put a lighted cigarette in it, because the ashes would fall upon and injure the table on which it stood. There would be no purpose in putting one or even several unlighted cigarettes in it. Although the holder could be used with other objects, such as the receptacle of defendant's exhibit A, the record indicates that it was never sold separately. Therefore, any use with other objects would be a fugitive use and not one for which the article was designed.

Thus, while the bowl is complete in itself as a bowl, it is not complete as an ashtray, and the holder alone is not a complete article ready for actual use. However, when the two articles are put together, as designed, a new and distinct article of commerce, an ashtray, is formed. The individual identities of the separate parts are subordinated to the identity of the combined entity. Consequently, the article is to be regarded as an entirety for tariff purposes. Since it is in chief value of metal and not of earthenware, and since it is used as an ashtray, it is classifiable under paragraph 1552 of the Tariff Act of 1930, as modified, as a smoker's article.

To that extent, the protest is sustained. As to all other claims, the protest is overruled. Judgment will be rendered accordingly.