(C.D. 2106)

Ross Products, Inc. *v.* United States

United States Customs Court, Third Division

(Decided July 28, 1959)

*Siegel, Mandell & Davidson* (*Joshua M. Davidson* of counsel) for the plaintiff. *George Cochran Doub,* Assistant Attorney General (*Sheila N. Ziff,* trial attorney), for the defendant.

Before Johnson, Donlon, and Richardson, Judges

Johnson, Judge: The merchandise involved in this case consists of porcelain plates set in wire frames or holders, imported from Japan, and entered for consumption on July 2 and July 18, 1956. It was assessed with duty by the collector at 45 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, as modified, on the porcelain portion, and at 19 per centum ad valorem under paragraph 339 of said tariff act, as modified, on the wire frames. It is claimed that the merchandise is an entirety in chief value of metal, dutiable at 19 per centum ad valorem under said paragraph 339, as modified, or at 21 per centum ad valorem under paragraph 397, as modified.

The pertinent provisions of the Tariff Act of 1930, as modified, are as follows:

Par. 212 (as modified by the protocol of terms of accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865, effective September 10,

1955, T.D. 53877) ].   China, porcelain, and other vitrified wares, * * *; all the foregoing, whether plain white, painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for:

*      *      *      *      *      *      *

    Articles which are not tableware, kitchenware, table or kitchen utensils, or chemical stoneware, and which do not contain 25 per centum or more of calcined bone_____ 45% ad val.

[PAR. 339 (as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108) ].   Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:

*      *      *      *      *      *      *

    Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—

*      *      *      *      *      *      *

    Other base metal:

*      *      *      *      *      *      *

    Other_____ 19% ad val.

[PAR. 397 (as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108) ].   Articles or wares not specially provided for, whether partly or wholly manufactured:

*      *      *      *      *      *      *

    Composed wholly or in chief value of iron, steel, * * * or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

*      *      *      *      *      *      *

    Not wholly or in chief value of tin or tin plate:

*      *      *      *      *      *      *

    Other, composed wholly, or in chief value of iron, steel, brass, bronze, zinc, or aluminum (except the following: * * *)_____ 21% ad val.

A sample of the merchandise was received in evidence as plaintiff's exhibit 1.   It consists of a porcelain plate and a wire holder.   The plate is approximately 5½ inches in diameter and is decorated with the crudely painted figure of a red bird perched on flowering branches.   On the back of the plate are two holes through which a piece of red cord has been strung.   The plate is contained in the wire frame, which is about 2 inches wide, but it can be physically removed.   During the course of the trial, it was stipulated that the chief value of the exhibit was in the wire holder which was in chief value of iron or steel, not plated with platinum, gold, or silver, or colored with gold lacquer.

At the trial, Alexander Mintz, vice president and overseas buyer of Ross Products, Inc., the plaintiff herein, testified that his duties included traveling abroad, ordering and designing merchandise, and handling the import business; and that he was familiar with the imported items and the invoices covering them.   He explained that the items designated as J3826/24 and J3826/6 on the invoices covered

identical merchandise and that the final figure "24" meant that there were 24 dozen to the carton and the final figure "6" meant that there were 6 dozen to the carton.

The witness described the merchandise as a hanging wall plaque with metal frame and stated that it was packed as a unit; that the frame and the porcelain part came in as one piece; and that the merchandise arrived in this country in the condition of plaintiff's exhibit 1. He said that such merchandise was sold by the importer as wall plaques to S. H. Kress, chainstores, five-and-ten-cent stores, and gift shops. He had seen such plaques displayed in stores, either hanging on pegboards or on counters with a sign "wall plaque," in ceramic, picture frame, or gift departments. He stated that they were sold to customers as wall plaques.

Mr. Mintz testified further that the purpose of the metal frame was to keep the plate from falling out and to serve as an ornament; that the article was purposely designed to be a complete item so that the plate would not drop out; that he did not think other plates would fit into the holder; and that he had never seen the porcelain portion displayed or used by itself. If the porcelain portion broke in transit, he said, no replacements were available and the metal part was thrown away, as it had no value without the plate. Neither portion, according to the witness, was ever sold separately. He added that if the wire part were bent when received by a retail store, the merchandise would be returned as defective, as the plate could not be sold alone. He admitted that his firm sold other plaques, without metal holders, but said they were larger in size.

Felix Lubliner, import manager of Ross Products, Inc., testified that he was familiar with the imported item and had seen invoices of purchases and sales thereof and stated that it was bought and sold as a wall plaque. He had seen such plaques displayed in chainstores and hanging up in the homes of his friends, but he had never seen either portion displayed or used alone.

According to this witness, his firm sells other plaques, without holders, but they are larger and more decorative, some having a raised, highly decorative ornamentation instead of a cheap painting.

Defendant called Gilbert Ziff, who testified that he had visited the premises of the importer and had seen plaques similar to plaintiff's exhibit 1 hanging on a pegboard but not encased in wire holders. The witness said that the stock number of the article he referred to was J–4438. Subsequently, a sample of this item was received in evidence as plaintiff's exhibit 2. It is 6¼ inches in diameter and differs slightly in shape from the porcelain portion of plaintiff's exhibit 1 and is of somewhat better workmanship.

There was also received in evidence as plaintiff's illustrative exhibit 3 a sample of another type of porcelain plaque sold by plaintiff, and

counsel for the respective parties agreed that it differed from plaintiff's exhibit 1 in size, shape, and quality of decoration, which is a raised pattern.

It has long been held that "if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately." *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, 318, T.D. 41232; *Charles Garcia & Co., Inc.* v. *United States*, 45 C.C.P.A. (Customs) 1, C.A.D. 663; *United States* v. *H. K. Miyaka*, 22 C.C.P.A. (Customs) 38, T.D. 47039; *James Betesh Import Co.* v. *United States*, 40 Cust. Ct. 186, C.D. 1981.

In the instant case, there is uncontradicted testimony that this merchandise is imported, bought, and sold as a complete article of commerce; that it is so displayed and sold in retail stores and is so used in homes.

In *James Betesh Import Co.* v. *United States*, *supra*, the merchandise consisted of an earthenware bowl set in a 3-pronged wire holder, one prong being bent so as to form a cigarette rest. In holding that the merchandise was an entirety, the court pointed out that the holder, by itself, had no practical use; that, although it could be used with other objects, the record indicated that it was never sold separately; and that, when joined with the bowl, the individual identities of the separate parts were subordinated to the identity of the combined entity.

In *F. W. Woolworth Co.* v. *United States*, 69 Treas. Dec. 1022, T.D. 48370, the court held that figures of fish, animals, and birds sold with detached wooden stands were entireties. The court pointed out that while the figures could be used without stands, the stands were without value, unless used with the figures with which they were imported.

In the instant case also, the holder by itself has no practical purpose. While it could be used with other objects, the record indicates that it was never in fact sold separately. Only when joined with the plate, did it have any commercial value, and then it became part of a complete article of commerce.

On the record presented and in view of the cases cited, we hold that the merchandise involved herein is an entirety, in chief value of iron or steel, not plated with platinum, gold, or silver, or colored with gold lacquer.

Plaintiff claims that the merchandise is properly dutiable at 19 per centum ad valorem under paragraph 339 of the Tariff Act of

1930, as modified, or at 21 per centum ad valorem under paragraph 397 of said tariff act, as modified.

Paragraph 339 covers table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for. This provision has been held to include only articles which serve a utilitarian purpose and are chiefly used in the household for the care and maintenance of the home or for the convenience and comfort of its members. *Pramette Juvenile Furniture Company* v. *United States*, 36 C.C.P.A. (Customs) 61, C.A.D. 398; *I. W. Rice & Co.* v. *United States*, 24 C.C.P.A. (Customs) 114, T.D. 48415; *United States* v. *Ellis Silver Co.*, 16 Ct. Cust. Appls. 570, T.D. 43297. Where an ornamental use outweighs a utilitarian use, the articles are not classifiable as household utensils, even though the utilitarian use is substantial. *United States* v. *The Friedlaender Co.*, 21 C.C.P.A. (Customs) 103, T.D. 46445.

In the instant case, there is no evidence of any utilitarian use for these wall plaques. It is clear from the sample itself that they are designed to serve as decorations and not as household utensils. Cf. *A. Jaller Co.* v. *United States*, 37 Cust. Ct. 439, Abstract 60413; *United China & Glass Co.* v. *United States*, 39 Cust. Ct. 167, C.D. 1920.

We hold, therefore, that the wall plaques before us are not classifiable under paragraph 339, as modified, as household utensils. Since they have not been specially provided for in the tariff act, and since it has been stipulated that they are composed in chief value of iron or steel, not plated with platinum, gold, or silver, or colored with gold lacquer, we hold that they are properly dutiable at 21 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified, *supra*.

To that extent, the protest is sustained. In all other respects, it is overruled. Judgment will be rendered accordingly.