ture of the United States returned after having been exported without having been advanced in value, and following Abstract 57104, the claim of the plaintiff was sustained.

**No. 64688.**—Fabius & Co., Inc. *v.* United States, protest 59/30103 (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of a scale model of "Aruba Caribbean Hotel," articles of the manufacture of the United States returned after having been exported without having been advanced in value, and following Abstract 57104, the claim of the plaintiff was sustained.

**No. 64689.**—Morganite, Inc. *v.* United States, protests 59/32654 and 60/2909 (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of carbon powder similar in all material respects to that the subject of *Morganite, Inc.* v. *United States* (29 Cust. Ct. 76, C.D. 1448), the claim of the plaintiff was sustained.

**No. 64690.**—J. M. Sutton Sons & Co. *v.* United States, protest 58/14975 (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of wall plaques similar in all material respects to those the subject of *Ross Products, Inc.* v. *United States* (43 Cust. Ct. 74, C.D. 2106), the claim of the plaintiff was sustained.

**No. 64691.**—Reliance Merchandise Co., Inc. *v.* United States, protests 59/713 and 59/10983 (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of wall plaques similar in all material respects to those

317

the subject of *Ross Products, Inc.* v. *United States* (43 Cust. Ct. 74, C.D. 2106), the claim of the plaintiff was sustained.

No. 64692.—New York Merchandise Co., Inc., and Novelty Import Co., Inc. *v.* United States, protests 59/22794 and 59/24400 (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of wall plaques similar in all material respects to those the subject of *Ross Products, Inc.* v. *United States* (43 Cust. Ct. 74, C.D. 2106), the claim of the plaintiffs was sustained.

No. 64693.—American Commercial, Inc., and Freedman & Slater, Inc., N.Y. *v.* United States, protest 59/15147 (New York).

Opinion by JOHNSON, J. It was stipulated that the principles herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C.C.P.A. 112, C.A.D. 351), and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited, it was held that duty is not assessable upon the quantities reported by the inspector as manifested, not found. The protest was sustained to this extent.

No. 64694.—Arnart Imports, Inc. *v.* United States, protests 60/3130, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C.C.P.A. 15, C.A.D. 458), the claim of the plaintiff was sustained.

No. 64695.—Border Brokerage Co. *v.* United States, protest 59/4268 (Seattle).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of shrimp shells similar in all material respects to those the subject of *Border Brokerage Co.* v. *United States* (43 Cust. Ct. 231, C.D. 2132), the claim of the plaintiff was sustained.