No. 66971.—E. M. Stevens Corp. v. United States, protest 61/5512 (New York).

OLIVER, Chief Judge: This case involves a question of what is known in tariff parlance as "entireties." The plaintiff imported an article having the trade name of "Groom-Aide," which consists of a long handle, at one end of which is fastened a shoehorn and at the other end a clothesbrush. It was described on the invoices as "Combination Clothesbrush & Shoehorn" and was entered as dutiable at the rate of 17 per centum ad valorem under the provision in paragraph 339 of the Tariff Act of 1930, as amended by T.D. 54108, for "household * * * utensils * * * not specially provided for * * * not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of" base metal, other than certain base metals named.

In classifying the merchandise, the collector considered the two portions, the clothesbrush and the shoehorn, as separate tariff entities and assessed duty on the clothesbrushes at the rate of 35 per centum ad valorem under the provision in paragraph 1506, as modified by T.D. 53865 and T.D. 53877, for brushes, not specially provided for, and on the shoehorns at the rate of 17 per centum ad valorem under the provision for household utensils in paragraph 339, as modified, as above described.

By its protest, the plaintiff claims that the imported articles are dutiable as entireties, i.e., as single tariff entities, at the rate applicable to household utensils.

On the trial of the issue, it was established that the component material of chief value in the imported combination article is steel, not plated with platinum, gold, or silver, and not covered with gold lacquer; that they are so made that the brush is firmly, but not necessarily permanently, attached to the end of the handle; that the shoehorn is permanently attached to the end of the handle; that the articles were designed, bought, and sold as a unit; and that even if the brush portion were separated from the handle, it would not be merchantable separately both for practical and "eye appeal" reasons. However, it appears, from an inspection of a sample of the merchandise, plaintiff's exhibit 1, that if the brush were separated from the handle, the shoehorn and handle would be usable and salable as a single unit.

It was also established, at the trial, that each portion of the combination performs its own individual function without the use of the other, that is to say, in using the article as a brush, one would grasp the handle and brush clothes without the aid of the shoehorn portion, and, in using the article as a shoehorn, one would similarly grasp the handle and use it without the aid of the brush portion.

It is the plaintiff's contention that the evidence establishes that the imported articles were designed, bought, sold, and used as a single commercial entity, viz, as an aid to grooming, and that they are entireties for tariff purposes, classifiable under the tariff enumeration for household utensils.

It is the defendant's contention that the same evidence shows that, although the two articles, the clothesbrush and the shoehorn are physically joined, they, nevertheless, retain their individual identities and functions to such an extent that they are properly classifiable under the tariff enumerations for the separate parts.

At the outset, it may be pointed out that there is nothing about the tariff provisions involved, i.e., the provision for household utensils and the provision for brushes, which exhibits a legislative intention that either provision shall prevail in the classification of combination articles such as those at bar. No

long-continued administrative practice or judicial decision, requiring such a result in the case of the articles at bar, has been called to our attention.

Consequently, we approach determination of the issue upon the basis of the rules of decision in respect to the issue of entireties which have been evolved by the courts over many years. In *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C.D. 1619, the gist of the decided cases concerning situations such as that in the case at bar was summarized as follows:

* * * If what is imported as a unit is actually and commercially two or more individual entities which, even though imported joined or assembled together, nevertheless, retain their individual identities and are not subordinated to the identity of the combination, duties will be imposed upon the individual entities in the combination as though they had been imported separately.

In determining whether an imported combination article is one in which the individual identities of the parts have been subordinated to that of the combination, it is apparent that, to constitute an entirety in such cases, there must emerge from the joining of two or more parts either (1) a new article which has a character or use different from that of any of the parts (compare *James Betesh Import Co.* v. *United States*, 40 Cust. Ct. 186, C.D. 1981), or (2) an article the predominant element of which is one of the parts of the combination, the other parts being merely incidental to the predominant part insofar as the character or use of the combination is concerned (compare *Artgift Corp.* v. *United States*, 30 Cust. Ct. 372, Abstract 57135).

In both cases, the combined article takes classification under the tariff provision applicable to it as a single, whole article. This is so because the doctrine of entireties is based upon the proposition that the tariff classification of imported articles is determined by their condition, i.e., what they actually are, at the time of importation. *United States* v. *Schoverling, Daly & Gales*, 146 U.S. 76, 36 Law. ed. 893.

From an examination of the evidence before us, including the sample, plaintiff's exhibit 1, we are satisfied that the present imported articles do not consist of any of those types of combination articles which are entitled to classification as tariff entireties. There is no merger of brush and shoehorn which created an article which can be said to be something more than either a brush or a shoehorn, nor one in which either the brush or the shoehorn is clearly the predominant feature. Each article is used independently of the other. The mere fact that two articles are joined together and are imported and intended to be sold together as a unit does not necessarily create a tariff entirety. Compare *United States* v. *Wanamaker*, 20 C.C.P.A. (Customs) 367, T.D. 46132.

Nor does the conferring upon the combination of a trade name, "Groom-Aide," endow it with a tariff status which it otherwise would not have. What is before us is essentially a complete, long-handled shoehorn, to which a clothesbrush has been attached. The combination has no character or use different from that of its individual parts, and neither of the parts is incidental to the character and use of the other. Such a combination does not constitute an entirety for tariff purposes.

We have examined the decisions in the cases cited by counsel for the plaintiff in the brief filed in its behalf and do not find them to be dispositive of or applicable to the present situation. In each case where the imported combination article involved was held to be an entirety, it was found either that the combination of the two or more units resulted in a separate and distinct article which was something more than either or any of the units, or that the imported article needed all of the parts to function as a single, complete entity. No analogous or similar situation exists here.

The protest claim is, therefore, overruled and judgment will issue accordingly.