starch material that affects classification, but the reasons for the presence of such materials. These cases appear not to have been cited by defendant in its brief originally filed when our decision in this case, *supra* (C.D. 2403), was handed down. However, they were among the several authorities we studied but we deemed them inapplicable and, therefore, did not discuss them. We now do so.

In *Varsity Watch Co.* v. *United States*, 34 CCPA 155, C.A.D. 359, the merchandise was gold-plated watches and the competing provisions were subparagraphs (2) and (4) of paragraph 367(f). The Government contended that the involved watches were *eo nomine* provided for in subparagraph (2); plaintiff contended they were *eo nomine* provided for in subparagraph (4). The issue, then, was which provision more accurately described gold-plated watches; one, a provision describing watches, if *in part of gold*, or a provision describing those that *do not contain gold*. There is here, of course, no provision for a starch that does not contain salt or other ingredient and no provision for a starch that is in part of salt, etc.

On earlier consideration, we deemed *Varsity Watch Co.*, *supra*, not determinative of the issues here. We are still of that opinion.

As to *The Nestle Co., Inc.* v. *United States*, 47 Cust. Ct. 44, C.D. 2278, the court there held, and in our view properly, that the tariff provision for all alcoholic compounds, not specially provided for, if containing 20 per centum of alcohol *or less*, more correctly described merchandise to which sherry had been added for flavoring, than did the nonenumerated catchall provision of paragraph 1558. To the same effect, see *C. H. Arnold & Co.* v. *United States*, 20 CCPA 417, T.D. 46259.

It is a basic rule of tariff classification that if it be found that an article is fairly included within any of the enumerated clauses of the tariff act, then one may not resort to the nonenumerated provision of the act. *Package Machinery Co.* v. *United States*, 41 CCPA 63, C.A.D. 530, and cases therein cited.

For the reasons here stated and those set forth in our opinion in C.D. 2403, *supra*, we hold that the instant merchandise is fairly included within the starch enumeration of paragraph 83.

Judgment will be entered accordingly.

**No. 68310.**—Ross Products, Inc. *v.* United States, protests 59/8592 and 59/28497 (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of wall plaques similar in all material respects to those the subject of *Ross Products, Inc.* v. *United States* (43 Cust. Ct. 74, C.D. 2106), the claim of the plaintiff was sustained.

**No. 68311.**—J. M. Sutton Sons & Co. *v.* United States, protests 60/3260, 62/5014, and 61/16019 (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of wall plaques similar in all material respects to those the subject of *Ross Products, Inc.* v. *United States* (43 Cust. Ct. 74, C.D. 2106), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, FEBRUARY 13, 1964

No. 68312.—Marset, Inc., and W. J. Byrnes & Co. of N.Y., Inc., et al. *v.* United States, protests 59/15554, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of ink pastes and varnish similar in all material respects to those the subject of *Marset, Inc.*, and *W. J. Byrnes & Co. of N.Y., Inc.* v. *United States* (50 Cust. Ct. 127, C.D. 2400), the claim of the plaintiffs was sustained.

No. 68313.—Polk's Model Craft Hobbies, Inc. *v.* United States, protests 61/3557, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of miniature railroad locomotives and equipment similar in all material respects to those the subject of *United States* v. *Polk's Model Craft Hobbies, Inc., et al.* (47 CCPA 137, C.A.D. 746), the merchandise was held dutiable, according to the component material of chief value or under specific provisions, as follows: The items marked "A" at the appropriate rate, depending upon the date of entry, under the provision in paragraph 397, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), or by the Sixth Protocol to the General Agreement on Tariffs and Trade (T.D. 54108), for manufactures in chief value of base metal; the items marked "B" at 13¾ percent under the provision in paragraph 353, as modified by T.D. 52739, for metal articles having as an essential feature an electrical element or device; and the items marked "C" at 16⅔ percent under the provision in paragraph 412, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T.D. 52373), supplemented by Presidential proclamation (T.D. 52476), for manufactures of wood, as claimed.

No. 68314.—Catholic Mfg. Co., Inc., et al. *v.* United States, protests 61/6952, etc. (New York).