(C.D. 2219)

UCAGCO, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Dated November 23, 1960)

*Stein & Shostak* (*Marjorie M. Shostak* and *S. Richard Shostak* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff* and *Samuel D. Spector*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The above-enumerated protest was originally submitted for decision at the port of San Francisco on March 2, 1959, upon a stipulation of counsel entered into in open court. When the matter came before this division of the court for decision it was, for the reasons set forth in a memorandum which will be quoted, *infra*, ordered that the counsel for the parties file briefs in support of their positions. The said memorandum read as follows:

> The merchandise the subject of this protest is described on the invoice as "Frame Picture Placque" and was assessed with duty at the rate of 25 per centum ad valorem and 10 cents per dozen pieces under the provision in paragraph 211, Tariff Act of 1930, as modified by T.D. 53865, for earthenware articles, not specially provided for, which are not tableware, kitchenware, or table or kitchen utensils. The protest claim relied upon is predicated upon the theory that the imported item actually consists of two portions which are severable for duty

purposes. Thus, it is claimed that duty should have been assessed upon the wood frame at only 16⅔ per centum ad valorem under the provision in paragraph 412 of the said Act as modified by T.D.'s 51802, 52373, and 52476, for manufactures of wood, not specially provided for, and upon the tile portion at the rate of 12½ per centum ad valorem under the provision in paragraph 202(b) of the said Act as modified by T.D.'s 51802, 52373, and 52476, for articles of every description or parts thereof, composed wholly or in chief value of earthen tiles or tiling, except pill tiles.

When the protest was called for hearing counsel for the parties orally stipulated—

> \* \* \* if the entry and invoice were now before the appraiser for examination and his official return that said merchandise would be advisorily described by the examiner and appraiser for the benefit of the collector as follows: The tile portion as an article of tile at 12½ percent under paragraph 202(b), and the wood frame portion as a manufacture of wood at 16⅔ percent under paragraph 412 of the Tariff Act, as modified.

The protest was thereupon submitted for decision, and upon request, counsel were excused from the requirement of filing of briefs.

We think it is apparent from the foregoing that there was a disposition on the part of counsel for the parties to believe that there was merit in plaintiff's claims, and that the foregoing action was taken in accordance with that belief. We are of the opinion, however, that the record as made is insufficient upon which a judgment in favor of plaintiff's claims could be rendered.

It has been held that when the collector, who is the classifying officer (Sec. 505, Tariff Act of 1930; *Oakland Food Products Co. et al.* v. *United States*, 32 C.C.P.A. (Customs) 28, C.A.D. 281), admits that his classification or assessment was erroneous, it cannot legally be presumed to be correct. *Smith & Nichols (Inc.)* v. *United States*, 18 C.C.P.A. (Customs) 16, T.D. 43974. But there is nothing in the record in the case at bar which indicates that the *collector* actually admitted, or that the Government directly conceded, the error of his action. We do not think that such action can, or should be, considered to be the only logical implication which can be drawn from the stipulation of counsel, or, in fine, that such matters should be left to implication.

In his letter transmitting the protest to this court, the collector indicates that he reviewed his classification in accordance with the provisions of section 515 of the Tariff Act of 1930, and that he affirmed the same. He also indicates that the basis of his action in so doing was the advisory classification of the appraiser. There is, however, nothing to indicate that the collector would act, in this instance, in accordance with the changed view of the examiner and the appraiser.

Our appellate court has consistently held that the appraiser's report on classification is advisory only and does not bind the collector, and that the advisory report is not competent evidence of the facts therein recited if it was not filed with the collector within the time within which the collector might review his classification. *Oakland Food Products Co. et al.* v. *United States, supra.*

Even assuming that in the form of the stipulation, the changed, conditional, advisory classification of the examiner and appraiser had conferred upon it an evidentiary value which it would not otherwise have, it would still not be sufficient, standing alone, to rebut the presumption of correctness of the collector's action *which was in conflict therewith. Doap Leun Hong Co.* v. *United States,* 19 C.C.P.A. (Customs) 313, T.D. 45481.

The matter recited in the stipulation is in the form of conclusions of law, that is to say, in the form of a statement of the tariff classifications and assess-

ments of duty which the examiner and appraiser would report if the merchandise were now before them. The conclusions of the examiner and appraiser as to the proper tariff classification and assessment of duty are directly in conflict with those of the collector, and there is neither any other evidence in the record nor anything which would take the place of evidence upon the basis of which the court could find that the collector's action was erroneous and that the claims of the plaintiff were correct.

Although upon counsel's special request made at the time the case was submitted for decision they were excused from the requirement of filing briefs, we are of the opinion that, in the light of the matters hereinbefore discussed, counsel should set forth their views of the factual and legal situations posed by the record in this case. Accordingly, within 60 days from the date of the order promulgated herewith counsel for the parties shall file briefs in support of their position or positions, such time to run concurrently.

Order accordingly.

In lieu of complying with the terms of the order, counsel for the plaintiff moved the court for an order setting aside the submission of the case and restoring the same to the following San Francisco calendar of the court for all purposes.

The affidavit accompanying the motion was executed by counsel for the plaintiff and set forth the belief or understanding of said counsel that "counsel for the defendant was willing to concede that the Collector's classification was erroneous, and the correctness of the claim of plaintiff as made in the protest." The setting aside of the submission was requested "so as to permit counsel for the respective parties to effect their stipulation in writing in such form as to include all of those facts which counsel for the respective parties had discussed and agreed upon in pre-trial conferences prior to the hearing."

Counsel for the defendant endorsed the motion "No objection," and it was granted on the assumption that counsel for the parties were prepared to proceed as indicated above.

However, when the case was called on the calendar of February 8, 1960, at San Francisco, the following proceedings took place:

MR. SHOSTAK: This protest involves merchandise described on the invoice as framed picture plaques which were assessed with duty at the rate of 25 percent ad valorem and 10 cents per dozen pieces under the provision in paragraph 211 of the Tariff Act of 1930, as modified by T.D. 53865, for earthenware articles not specially provided for which are not tableware, kitchenware, or table or kitchen utensils.

We offer to stipulate that if the entry and invoice were now before the appraiser for examination and his official return that said merchandise would be advisorily described by the examiner and appraiser for the benefit of the collector as follows: the tile portion as an article of tile at 12½ percent under paragraph 202(b), and the wood frame portion as a manufacture of wood at 16⅔ percent under paragraph 412 of the Tariff Act of 1930, as modified. And if the merchandise were now before the collector he would so classify the merchandise.

This was a case that was actually offered for stipulation at a past time and was rejected on the basis that there was no showing what the collector would do upon receiving the information as to what the appraiser would do.

Mr. Spector: The Government stipulates these facts. These papers were rejected by the Court previously because there was no provision in the stipulation that the collector would classify on that basis. So, this stipulation is made for the purpose of correcting that omission.

It will be seen that the stipulation upon which the case was originally submitted for decision was not "rejected" and that the court's questioning the effect of the stipulation was not based upon the fact that "there was no provision in the stipulation that the collector would classify on that basis." Furthermore, it will be seen that the facts actually stipulated by counsel on February 8, 1960, are not facts of the nature or quality as evidence or proof in the matter which were contemplated to be stipulated as set forth in the affidavit accompanying the motion to set aside the original submission.

We are of the opinion that the facts that "if the entry and invoice were now before the appraiser for examination and his official return" and "if the merchandise were now before the collector," the appraiser's return and the collector's classification would be in accordance with the protest claims are neither competent nor sufficient evidence upon which a judgment of this court in favor of plaintiff's claims could be based.

The matter stipulated is in the form of hypothetical or tentative suppositions. It does not represent a concession of error in the original classification, and it does not present anything in the nature of facts, concessions, or admissions upon the basis of which this court could discharge its statutory duty of determining the issues of the case. At the most, it represents the conclusions of the appraiser and the collector as to the facts and law of the case arrived at at a time when neither had power to change the original classification and when their acts would not be clothed with a presumption of correctness.

A classification made by a collector which is challenged by protest is presumed to be correct until it is shown by proof to be erroneous. *Horsfield* v. *United States*, 1 Ct. Cust. Appls. 138, T.D. 31186. The stipulated fact that at a later time, when the merchandise was not before him for official action and when he had no power to classify the merchandise, the collector would classify the merchandise in a manner and under tariff provisions different from those under which he originally classified it is not proof that the original classification was incorrect and that his later thought on the matter represented the correct classification of the merchandise. For all we know, the collector's later view may be incorrect.

Nor is it an admission or concession that the original classification was incorrect. The original classification is not mentioned in the oral stipulation, and although, examined superficially, the stipulated facts might seem to be the statement of a position inconsistent with the position which the collector took on the original classification, it

is actually expressed in the subjunctive and relates, not to the actual fact of the correctness or incorrectness of the original classification, but to a conditional situation known to have no basis in fact or reality.

As has been said, it represents the conclusions of the appraiser and the collector as to the facts and law of the case, and, in the final analysis, if we were to accept the stipulated facts as dispositive of the matter we would be allowing the appraiser and the collector to assume the court's functions, which, of course, we cannot do.

That a collector of customs can admit the error of a classification made by him cannot be seriously open to question. The case of *Smith & Nichols (Inc.)* v. *United States*, 18 C.C.P.A. (Customs) 16, T.D. 43974, is dispositive of that point.

Nor is there any question as to the rights of parties to dispose of litigation by stipulation. Our appellate court, in *H. A. Whitacre, Inc.* v. *United States*, 22 C.C.P.A. (Customs) 623, T.D. 47615, said:

We have, on numerous occasions, upheld the right of the parties, through their attorneys, to stipulate facts and to settle and compromise the litigated subject matter. A clear expression of our views appears in *Pacific Trading Co.* v. *United States* [19 C.C.P.A. (Customs) 361, T.D. 45508], *supra*. There we said:

\* \* \* We know of no good reason why, in the absence of fraud, reputable attorneys, representing the parties in litigation, may not freely agree upon and stipulate concerning ultimate facts, even though such stipulated facts control the result of the lawsuit. Where there is nothing apparent of imposition, unfairness, or dishonesty, importer's counsel and the attorney for the Government, in cases like the one at bar, have the right to confess judgment or consent to a decree against their respective clients, *United States* v. *Zucca & Co., supra*, and we are at a loss to understand why they can not stipulate an ultimate fact which controls the kind of judgment to be rendered. In the case at bar there is no implication of unfairness, imposition, or dishonesty.

\*          \*          \*          \*          \*          \*          \*

In the interest of saving time and expense, it is often desirable, and clearly within the rights of the parties litigant, to agree by stipulation to the elimination of what might otherwise be controverted issues. This is frequently done, and we think properly so, by agreeing as to ultimate facts which are controlling of such issues. We know of no good reason why stipulations entered into by an attorney representing the United States Government in a lawsuit should be treated by the court differently from stipulations entered into by attorneys representing other clients.

Similar views were expressed in *Smith & Nichols (Inc.)* v. *United States*, 18 C.C.P.A. (Customs) 16, T.D. 43974; *United States* v. *Zucca & Co.*, 11 Ct. Cust. Appls. 167, T.D. 38959.

The view of this court and our appellate court in respect of the use of stipulations, and the permissible breadth of their coverage, has been a most liberal one, excluding only those which improperly circumscribe the freedom of the judicial function. *Julius Forstmann & Co.* v. *United States*, 26 C.C.P.A. (Customs) 336, C.A.D. 37.

It would appear from the tenor of the record made in the present case, including the statements made in the affidavit supporting the motion to set aside the original submission, that the parties, through their counsel, were satisfied that the original classification was in error and that the facts of the case supported the claims made by the plaintiff in the protest. We are unable to appreciate why these matters could not be presented to the court in a stipulation free from the objectionable features of suppositious fact situations and assumption of the judicial function exhibited in the stipulations upon which the case has been twice submitted for decision.

In view of the fact, however, that it does appear that counsel for the parties are basically in agreement as to the merits of the case, the submission made on February 8, 1960, will be set aside and the case restored to the next San Francisco calendar for all purposes.

Order will issue accordingly.