BEFORE THE FIRST DIVISION

NOVEMBER 23, 1960

No. 64923.—New York Merchandise Co., Inc. *v.* United States, protests 59/5874 and 59/5878 (Los Angeles).— The following memorandum accompanied the order restoring cases to calendar:

MOLLISON, Judge: The merchandise to which the two protests here involved relates is so-called piano stools which were assessed with duty at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412, Tariff Act of 1930, as modified, for manufactures of wood, not specially provided for. Each of the protests claims such merchandise to be properly dutiable at 11 or 12½ per centum ad valorem, according to the date of entry for consumption, under the provision in said paragraph 412, as modified, for furniture, other than chairs, wholly or in chief value of wood.

When the protests were called for trial, they were submitted for decision upon oral stipulation of counsel that—

* * * if these entries were now before the Appraiser for his advisory return they would be advisorily described by him for the benefit of the collector as other furniture, in chief value of wood, under paragraph 412, and that if they were now before the collector for his official return he would classify the piano stools as "other furniture, chief value of wood," following [T.D.] 54865(26) at 12½ per cent, by virtue of T.D. 51802 as to the stools covered by Protest 59/5874, imported in 1955 [and], at 11 per cent, by virtue of T.D. 54108, as to the stools covered by Protest 59/5878, imported in September of 1957.

In a memorandum accompanying an order issued this day and reported as 45 Cust. Ct. 168, C.D. 2219, in the matter of protest 58/8054, *Ucago, Inc.* v. *United States*, restoring the said protest to the calendar, we held that such a stipulation represented the conclusions of the appraiser and collector as to the facts and law of the case, arrived at at a time when neither had power to change the original classification and when their acts would not be clothed with a presumption of correctness, and did not constitute either competent or sufficient evidence upon which a judgment of this court in accordance with such conclusions may be based.

For the reasons therein expressed, order will issue setting aside the submission of this case and restoring the same to the next Los Angeles calendar for all purposes.