BEFORE THE FIRST DIVISION, FEBRUARY 1, 1962

No. 66434.—Ucagco, Inc. *v.* United States, protest 58/8054 (San Francisco).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "Frame Picture Plaque" and apparently consists of wooden frames

holding a tile plaque. They were assessed with duty at the rate of 25 per centum ad valorem and 10 cents per dozen pieces under the provision in paragraph 211, Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, for articles in chief value of earthenware, valued at less than $3 per dozen pieces, not specially provided for, which are not tableware, kitchenware, or table or kitchen utensils.

The assessment was obviously made on the basis that the frames and tiles constituted entireties for tariff purposes. The protest claim is that the two portions of the article are separate tariff entities, the frames being properly assessable with duty at only 16⅔ per centum ad valorem under paragraph 412 of the tariff act, as modified by T.D. 51802, T.D. 52373, and T.D. 52476, as manufactures of wood, not specially provided for, and the tile portion at the rate of 12½ per centum ad valorem under the provision in paragraph 202(b) of the said act, as modified by T.D. 52373 and T.D. 52476, for articles of every description or parts thereof, composed wholly or in chief value of earthen tiles or tiling, except pill tiles.

The matter has been twice before this court upon records which were found to be insufficient to dispose of the issue presented, and each time the case was restored to the calendar. See *Ucagco, Inc. v. United States*, 45 Cust. Ct. 168, C.D. 2219.

The case has now been submitted for decision upon a stipulation of counsel reading, so far as pertinent, as follows:

1. That the merchandise represented by the items marked "A" and initialed LW by L. Wegener on the invoices accompanying the entry covered by the protest herein consists of wood frames and tile plaques which were assessed with duty at 25% ad valorem and 10¢ per dozen pieces under Par. 211 of the Tariff Act of 1930 as modified by T.D. 53865 as entireties; that the tile plaque portion and the wood frame portion are not permanently joined; that the tile plaque portion and the wood frame portion are in fact severable and separable; that the imported merchandise consists of the following:

 1. Wood frames which are claimed dutiable at 16⅔% ad valorem under Par. 412, as modified by T.D. 51802, T.D. 52373, and T.D. 52476; and

 2. Articles composed wholly or in chief value of earthen tiles or tiling, except pill tiles, which are claimed dutiable at 12½% ad valorem under Par. 202(b), as modified by T.D. 52373.

2. That the claims in the protest as to any other merchandise excepting those items marked "A" are hereby abandoned.

The foregoing stipulation does not establish any fact probative of the issue of whether or not the so-called frame picture plaques in their imported condition were or were not entireties in a tariff sense. The facts that the two portions of the imported articles were not permanently joined and that they were, in fact, severable and separable do not establish the character of the two portions as individual tariff entities. See *Ross Products, Inc. v. United States*, 43 Cust. Ct. 74, C.D. 2106, and the case therein cited, for decisions on analogous situations. The further description of each portion, together with the claim made with relation to it, does not supply any element of proof, which is lacking.

On the record presented, the protest claims are overruled, and judgment will issue accordingly.